IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| GARY SHAW<br>SANDY SHAW | : | BANKRUPTCY NO.:  5-03-bk-52757 |
| DEBTORS | : | |
| GARY SHAW<br>SANDY SHAW | : | |
| PLAINTIFFS | : | {**Nature of Proceeding**: Defendant, PNC Bank, National Association's Motion to Dismiss and, in the alternative, a Motion for a More Definitive Statement (Doc. 4A)} |
| v. | : | |
| PNC BANK, N.A., | : | |
| DEFENDANT | : | **ADVERSARY:  5-03-ap-50414** |

# OPINION[1]

Defendant, PNC Bank, N.A., filed the instant motion seeking the dismissal of Plaintiffs', Gary and Sandy Shaw, adversary complaint under Rules 12(b)(6) and (e) of the Federal Rules of Civil Procedure, as adopted by the Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. For the reasons stated below, Defendant's motion is granted.

## DISCUSSION

Plaintiffs filed an eight (8) count complaint against Defendant alleging violations of the Bankruptcy Code's ("Code") automatic stay provision, provisions of Pennsylvania's Uniform Commercial Code, Pennsylvania's Fair Credit Extension Uniformity Act and Unfair Trade Practices and Consumer Protection Law, and claims for the invasion of privacy and negligent

---

[1] Drafted with the assistance of Wendy E. Morris, Law Clerk.

[m:\users\cathy\wp8docs\opinions\ShawDismissal.wpd]

breach of fiduciary duty under Pennsylvania law in connection with a lien on a mobile home. Plaintiffs additionally request a determination that the lien at issue has been satisfied, or in the alternative, they seek the right to redeem the property pursuant to § 722 of the Code, in addition to an award of attorney's fees and damages.

Defendant's pending motion alleges that Plaintiffs fails to state a claim upon which relief can be granted with respect to particular counts of the complaint.

A hearing on the instant motion was held on April 27, 2004. Plaintiffs indicated during the hearing that they desired to withdraw Count VII (Negligence—Breach of Fiduciary Duty) and partially withdraw Count III (Uniform Commercial Code—Right to Redeem & Commercially Reasonable Collection) from their complaint. Aside from Defendant's arguments advocating dismissal, the Court raised the question of whether it had authority to adjudicate a number of Plaintiffs' claims. The parties were instructed to reach a resolution within 30 days or the matter was going to be taken under advisement. Absent any response from the parties, this Court is prepared to render its decision.

Before this Court will directly address Defendant's specific arguments in favor of dismissal, a determination of whether Plaintiffs' claims are properly before this Court is necessary. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 132 n.1 (1995)("every federal court, whether trial or appellate, is obligated to notice want of subject matter jurisdiction on its own motion").

Plaintiffs submit, by way of complaint, that "[t]his adversary proceeding contains claims that are core proceedings pursuant to Section 157(b)(2) of Title 28 of the United States Code. . . . To the extent that any proceeding is not a core proceeding, Plaintiffs consent to the entry of a

final judgment by a bankruptcy judge." See Complaint, Doc. 1 at ¶¶ 6, 7. While the Court is aware that Defendant is not currently required to respond to Plaintiffs' allegations, the Court notes that it cannot create subject matter jurisdiction in this Court by consent with Plaintiffs. See Resorts Intern'l Fin., Inc. v. Price Waterhouse & Co., LLP (In re Resorts Intern'l, Inc.), 372 F.3d 154, 161 (3d Cir. 2004).

This Court cannot exercise subject matter jurisdiction over a matter for which it is lacking. See Brown v. Francis, 75 F.3d 860, 866 (3d Cir. 1996)(relying on Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). The source of this Court's subject matter jurisdiction over the present matter lies in 28 U.S.C. §§ 1334 and 157. See United States Trustee v. Gryphon at Stone Mansion, Inc., 166 F.3d 552, 555 (3d Cir. 1999).

Despite the jurisdictional grant embodied in §§ 157 and 1334 of Title 28 of the United States Code, the scope of a bankruptcy court's subject matter jurisdiction is limited. As noted by the Third Circuit Court of Appeals in Halper v. Halper, matters brought before a bankruptcy court fall into one of three (3) categories: core, non-core, or wholly unrelated to a bankruptcy case. See 164 F.3d 830, 837 (3d Cir. 1999).

Although Congress does not define what a core proceeding is, the Third Circuit Court of Appeals outlined a two step analysis in Halper. First, a court must review § 157(b)(2) of Title 28 and determine if the proceeding falls under any of the illustrative examples delineated therein. See id. at 836; 28 U.S.C. § 157(b)(2). If not, the court must determine if the proceeding "[1] . . . invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." 164 F.3d at 836.

Non-core proceedings, however, concern matters that do not arise under Title 11 but are

nonetheless 'related to' a bankruptcy case. See 28 U.S.C. § 157(c)(1). If the proceeding "does not involve a substantive right created by the bankruptcy laws and would exist outside of bankruptcy, it is a non-core proceeding even though it may be related to bankruptcy." Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, 1157 n. 9 (3d Cir. 1989)(citing Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987)). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." Halper, 164 F.3d at 837 (emphasis added)(citation omitted). Without the parties assent to jurisdiction, a bankruptcy court's power to adjudicate non-core matters is limited to hearing disputes and submitting proposed findings of facts and conclusions of law to the district court for final disposition. See id. at 836; 28 U.S.C. § 157(c)(2).

Matters that are wholly unrelated to a bankruptcy case fall outside the boundaries of a bankruptcy court's adjudicatory powers in that the outcome of the "dispute will not have any effect on the bankruptcy case generally because it will not affect the property to be administered in the bankruptcy case, the total assets to be distributed, or the total claims to be paid." Shuman v. Kashkashian (In re Shuman), 277 B.R. 638, 647 (Bankr. E.D. Pa. 2001).

For purposes of finding proper subject matter jurisdiction, the question of whether a matter is core or non-core is immaterial. See Porter v. NationsCredit Cons. Discount Co. (In re Porter), 295 B.R. 529, 537 (Bankr. E.D. Pa. 2003). What becomes important is whether the matter is at least related to the bankruptcy case at issue. See Resorts Intern'l, Inc., 372 B.R. F.3d at 163; Adams v. Prudential Sec., Inc. (In re Foundation for New Era Philanthropy), 201 B.R. 382, 387 (Bankr. E.D. Pa. 1996). If so, a bankruptcy court is vested with the power to adjudicate

[m:\users\cathy\wp8docs\opinions\ShawDismissal.wpd]    4

Case 5:03-ap-50414-JJT    Doc 14    Filed 11/30/04    Entered 11/30/04 13:13:15    Desc
Main Document    Page 4 of 8

the matter in some fashion. See Adams, 201 B.R. at 387. Matters that are wholly unrelated to a bankruptcy case must be dismissed for lack of proper subject matter jurisdiction. See id.; accord Gallucci v. Grant (In re Gallucci), 931 F.2d 738, 742 (11th Cir. 1991)(Circuit Court noted that unrelated matters are completely beyond the bankruptcy court's subject matter jurisdiction).

Of the remaining seven counts in Plaintiffs' complaint, only those focusing on violations of the automatic stay, a determination of the extent of Defendant's lien and the right to redeem the property under § 722 of the Code, if a balance remains, are core proceedings that either specifically arise under Title 11 or in Plaintiff's case under Title 11.[2] The remaining counts are not only non-core, but are rooted in Pennsylvania jurisprudence and wholly unrelated to Plaintiffs' bankruptcy case. A resolution by this Court on these state law matters will not have any effect on the administration of Plaintiffs' estate. As such, this Court *sua sponte* dismisses Counts III, IV, V and VI for lack of subject matter jurisdiction.

The Court now turns to Defendant's dismissal arguments with respect to the remaining counts of Plaintiffs' complaint. Of the remaining counts, Defendant's motion only takes issue with Plaintiff's allegation that it violated § 362 of the Code by engaging them in a number of post-petition communications. Defendant contends under Rule 12(b)(6) that Plaintiffs have failed to state a claim for violation of the automatic stay. It moves, in the alternative, for a more definite statement under Rule 12(e).

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as adopted by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, allows for the dismissal of an action which fails to state

---

[2] The Court notes that, pursuant to Rule 6008 of the Federal Rules of Bankruptcy Procedure, requests to redeem property are initiated by motion and not adversary complaint. Compare Fed. R. Bankr. P. 7001. Absent a showing of resulting prejudice to the Defendant, the Court will overlook this procedural defect.

a claim upon which relief may be obtained. The defendant bears the burden of proving this failure. See Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). When confronted with such motions, a court is obligated to "accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). Plaintiffs' complaint can only be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.

Defendant argues that Plaintiffs' complaint lacks the necessary minimal factual allegations needed to justify recovery under § 362(h). In particular, Defendant notes that the complaint fails to allege "what was said, the number of calls that were made, or who was involved in the conversations." See Defendant's Memorandum of Law in Support of Motion to Dismiss, Doc. 5A at 7. Relying on Third Circuit Court case law, it maintains that the communications in question must be coercive and not representative of mere communications, in order to violate the automatic stay. Moreover, even if a violation is found, the complaint fails to support a claim that an actual injury occurred. The Defendant views the filing of this claim as a veiled attempt to recover attorneys fees associated with its litigation.

Plaintiffs respond by relying on their previously stated allegation that "[d]espite . . . notification [of the bankruptcy] Defendant **continued to attempt to collect** the loan by phoning plaintiffs" is sufficient to maintain a claim that the automatic stay was violated See Brief in Support of Plaintiffs' Answer to PNC Bank's Motion to Dismiss, Doc. 11A at 3 (emphasis included in original).

Upon further review of Plaintiffs' complaint, this Court takes issue with the allegations

attesting to Defendant's violation of § 362(h). With some limited exceptions, § 362(a)(6) stays "any act to collect, assess, or recover a claim against a debtor that arose before the commencement of the case . . . ." Section 362(h) articulates the appropriate remedy for such a violation. It provides:

> [a]n individual **injured** by any **willful violation** of a stay provided by this section shall recover actual damages, including cost and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h)(emphasis added).

In order to recover for an automatic stay violation, an individual must prove two elements: (1) that an injury occurred; and (2) that this injury was the result of any willful violation of the stay. While the Court is satisfied that Plaintiffs have alleged facts to support a claim that the automatic stay had been violated, their complaint fails to indicate how this violation resulted in an injury. Other than a general factual allegation that "Defendant's behavior has caused client substantial expense and other actual damages," the complaint fails to articulate how Plaintiffs were specifically injured by the alleged violation. See Complaint, Doc. 1 at ¶ 31. Plaintiffs assert that the Defendant has engaged in a number of post-petition actions or inactions with regard to all the counts of their complaint. However, there is no indication as to what injury was allegedly caused by the behavior associated with the alleged automatic stay violation.

Rule 8 of the Federal Rules of Civil Procedure, as adopted by Rule 7008 of the Federal Rules of Bankruptcy Procedure, require a pleading to contain allegations of each element of asserted claim. In its current posture, Plaintiffs' claim alleging violation of § 362 and requesting relief under § 362(h) fails to provide enough detail for Defendant to file a responsive pleading. See Synagro-WWT, Inc. v. Rush Township, Pa., 204 F.Supp. 2d 827, 849 (M.D. Pa. 2002). In

lieu of dismissal, Plaintiffs are ordered, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to file a more definite statement with respect to Count II of their complaint.

An Order will follow.

Date:   November 30, 2004

John J. Thomas, Bankruptcy Judge

(CMS)

*This electronic order is signed and filed on the same date.*